**Rose SLOANE, Plaintiff,**

**v.**

**Sidney LAND and Sidney Land, Inc., Defendants.**

United States District Court
S. D. New York.

June 25, 1954.

Paskus, Gordon & Hyman, New York City, for plaintiff.

Engelman & Hart, New York City, for defendants.

NOONAN, District Judge.

The plaintiff in this action has moved pursuant to Rule 15 of the Federal Rules

of Civil Procedure, 28 U.S.C.A., for leave to amend her claim for relief in her first cause of action and, pursuant to Rule 56, for summary judgment on the first cause of action as amended.

Because there is no opposition to the amendment, and further because there is no reason to refuse permission to amend the complaint in this respect, that portion of her motion made pursuant to Rule 15 is granted.

Plaintiff states that, even if there may be a dispute about the entire amount owed as alleged in her first cause of action, there is no dispute as to a portion of that amount, and it is at least as to that portion that she seeks summary judgment. The plaintiff alleges, and the corporate defendant admits, that the corporate defendant owes the plaintiff the amount of $2,178.35 (more, according to the plaintiff; only that amount, according to the defendant).

Certainly in view of the dispute concerning the amount of $542.89, there can be no summary judgment for this amount, for, where there is any factual controversy, it is the clearly established practice in this circuit to deny summary judgment. Where, as here, the credibility of the plaintiff has been put in issue, and since many of the books and records upon which she bases her claims were kept by her in her capacity as an employee, summary judgment for any amount in excess of the $2,178.35 can not properly be granted. Arnstein v. Porter, 2 Cir., 154 F.2d 464.

As to the $2,178.35, this court is without authority to grant the form of relief sought by the plaintiff. See 6 Moore's Federal Practice, 2nd Edit., 2307 and 2308, and the cases cited therein at footnote 56.

Pursuant to Rule 56(d), however, this court hereby finds that the amount of $2,178.35 is owing to the plaintiff; and the other amounts involved are still in controversy.

Settle order.